## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

IGNACIO ADRIAN NIEVES BERMUDEZ  :
935 Buchanan Street             :
Apt. 53                         :           Civil Action No.
Arlington, Virginia 22204       :
                                :           1:16-cv-159 TSE/MSN
        Plaintiff,              :
                                :
                                :
v.                              :
                                :
                                :
BRONX PIZZA OF CLARENDON, INC.  :
4100 N. Fairfax Drive           :
Arlington, Virginia 22203       :
                                :
        Serve:  Resident Agent          :
                William L. Schmidt      :
                4103 Chain Bridge Road  :
                Suite 400               :
                Fairfax, Virginia 22030 :
                                :
MIGUEL CORDERO                  :
4100 N. Fairfax Drive           :
Arlington, Virginia 22203       :
                                :
        Defendants.             :



### COMPLAINT

Plaintiff, Ignacio Adrian Nieves Bermudez ("Plaintiff"), by and through his attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants Bronx Pizza of Clarendon, Inc. and Miguel Cordero (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

### INTRODUCTION

Plaintiff worked for Defendants as a cook/food preparer/cashier. Plaintiff was paid at the same regular hourly rate for all hours worked. He worked between sixty and eighty hours per week

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4454243_1

and was not paid at the overtime rate of one and a half times his regular hourly rate as required by federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1.  This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2.  Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.  Plaintiff is an adult resident of Virginia.

4.  Defendant Bronx Pizza of Clarendon, Inc. ("Bronx Pizza") is a Virginia Corporation.

5.  Defendant Miguel Cordero is the owner of Bronx Pizza.

6.  At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7.  Each Defendant is an "employer" within the meaning of the FLSA.

8.  Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9.  At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10.  Defendant Miguel Cordero controlled the day to day operations of Bronx Pizza.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

2

11.     Defendant Miguel Cordero had the power to hire, fire, suspend, and discipline Plaintiff.

12.     Defendant Miguel Cordero supervised Plaintiff directly or indirectly.

13.     Defendant Miguel Cordero directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14.     Defendant Miguel Cordero directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15.     Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

16.     Defendant Miguel Cordero would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

FACTS

17.     Plaintiff was employed by Defendants as a dishwasher from July 27, 2012 through December 30, 2015 (the "Employment Period").

18.     Plaintiff was paid at various regular hourly rates throughout his employment. From July 27, 2012 through December 22, 2013, he was paid at a regular hourly rate of $8.00; from December 23, 2013 through March 1, 2015, he was paid at a regular hourly rate of $10.00, and for the remainder of the Employment Period he was paid at a regular hourly rate of $13.00.

19.     He worked between sixty and eighty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours per week.

20.     Plaintiff is owed approximately $24,255.00 in unpaid overtime wages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

4454243_1

21.     Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

22.     Federal law requires that "Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." *See* 29 C.F.R. § 516.4.

23.     Defendants failed to post the required statutory FLSA notice.

24.     By statute, Defendants are required to maintain records which document the wages, hours and other conditions of employment. 29 U.S.C. §211.

25.     The precise number of hours worked, and wages owed, should be revealed through discovery.

26.     Defendants knowingly and intentionally violated Plaintiff's rights under federal law.

### COUNT I
### (FLSA)

27.     Plaintiff adopts herein by reference paragraphs 1 through 26 above as if fully set forth herein.

28.     Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

29.     Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

4454243_1

30.     Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

31.     Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but not less than $48,510.00 which is two times the total overtime compensation owed, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     _____

Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

4454243_1

5